UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES GOVERNMENT,<br><br>　　　　Defendant. | No. 2:17-cv-2433-JAM-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for lack of jurisdiction and failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's complaint alleges that he filed tax returns for tax years 2008 and 2009 "without any Tax liability." ECF No. 1 at 1. He claims that the Internal Revenue Service ("IRS") coerced him to "pay [an] arbitrary amount of taxes with the threat of criminal and civil prosecution without any Notice, without any appeal and without providing an opportunity to litigate Tax issues in violation of Tax laws and Due Process." *Id*. He alleges that the IRS imposed illegal liens and levies, which left him without the resources to pay child support. *Id*. at 1-2. He further claims the IRS caused delays in repairs to a house, which ultimately led to "deaths and injuries to the public." *Id*. at 2. Plaintiff purports to bring this action under 26 U.S.C. §§ 6213, 6402, 7214, 7422, 7433; 18 U.S.C. § 1341; 28 U.S.C. §§ 1346, 2671; 42 U.S.C. § 1983; and "other causes of action." *Id*. He seeks $1,000,000 in damages, as well as a refund for overpayment of taxes for the years 2008 and 2009.

It is apparent from plaintiff's allegations that he seeks to challenge the IRS's assessment of his taxes for the years 2008 and 2009 and its subsequent efforts to collect the assessed amounts. Plaintiff, however, has failed to establish the court's jurisdiction over his claims.

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). It necessarily follows where Congress waives the immunity of the United States any terms and conditions that it places on the waiver are jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Under 28 U.S.C. § 1346, Congress has waived the immunity of the United States for suits to recover taxes alleged to have been erroneously or illegally assessed or collected, so long as certain conditions are satisfied. 28 U.S.C. 1346(a)(1); *see Flora v. United States*, 362 U.S. 145, 177 (1960).

Based on plaintiff's allegations, the potential applicable waiver provisions are 26 U.S.C. §§ 7422 and 7433. Section 7422 allows a taxpayer to bring a refund action to recover the overpayment of taxes. 42 U.S.C. § 7422. However, prior to bringing a refund action, a taxpayer must first pay the full amount of the disputed tax and file a claim with the Secretary prior to filing to filing suit. *See* 26 U.S.C. § 7422(a); *Flora*, 362 U.S. at 177. Plaintiff does not allege that he has fully paid his assessed taxes for the years 2008 and 2009. Indeed, he merely alleges that the IRS has imposed illegal liens and levies. Accordingly, he fails to establish this court's jurisdiction over his claim for a refund.

Section 7433 allows for a civil action against the United States if "in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Services recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433. Plaintiff, however, does not allege any facts demonstrating that an IRS officer violated a specific provision of the Internal Revenue Code. Instead, he merely claims that the IRS imposed illegal liens and levies. That allegation is too vague and conclusory to establish that an IRS employee recklessly, intentionally, or negligently disregarded a specific provision of the Internal Revenue Code in connection with the collection of

plaintiff's taxes. Furthermore, to the extent plaintiff seeks to assert a claim under § 7433 in relation to the assessment (as opposed to collection) of his taxes, such a claim is not permitted. *See Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995) ("[B]ased upon the plain language of the statute [§ 7433], which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for improper assessment of taxes.").

Plaintiff also appears to assert a due process claim under 42 U.S.C. § 1983. But plaintiff only brings this action against the federal government and not a state actor. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability attaches only to individuals 'who carry a badge of authority of a State and represent it in some capacity.'"); *Russell v. United States Dep't of the Army*, 191 F.3d 1016 ("Section 1983, however, provides no right of action against federal (rather than state) officials."). Even if the court were to construe plaintiff's citation to § 1983 as an attempt to asserts a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)[2], the claim would still fail since plaintiff seeks to challenge the assessment and collection of his taxes. *See Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004) (taxpayers "have no right to *Bivens* relief for any allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection.").

Lastly, plaintiff cites to 18 U.S.C. § 1341, a criminal statute that does not provide for a private right of action. *Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (observing that there is no private right of action under 18 U.S.C. § 1341"). Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against

---

[2] The Ninth Circuit has recognized that "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." *Van Strum v. Lawn*, 929 F.2d 1384, 1388 (9th Cir. 1991).

defendant and shall specify a basis for this court's subject matter jurisdiction. It shall also plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE